IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINCENT HANDSFORD,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF LEVON ALLEN,<br>*in his official capacity*,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:19-cv-05746-JPB-RDC |

## **ORDER**

Before the Court are a stipulation by the parties to substitute the current Sheriff of Clayton County, Levon Allen, as the defendant in this action, (Doc. 102), and Plaintiff's unopposed motion for leave to depose federal inmate, (Doc. 103).

Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Rule 25(d) further provides that the officer's successor is automatically substituted as a party. Accordingly, the Clerk is **DIRECTED** to change the case caption to reflect the substitution of Sheriff of Clayton County, Levon Allen, as the defendant in this action. Additionally, the Clerk is **DIRECTED** to remove Clayton County Sheriff's Office as a defendant, as Plaintiff voluntarily dismissed his claims against that entity. (*See* Doc. 13).

Moving to the second matter, Plaintiff indicates that he seeks leave to take the deposition of Victor Hill, the former Sheriff of Clayton County, Georgia, who is presently confined at FCI Forest City Low in Forrest City, Arkansas. (Doc. 103). Plaintiff advises that Mr. Hill's deposition is necessary for the prosecution of this case because he was the decisionmaker for the adverse employment actions of which Plaintiff complains and possesses admissible evidence that is not otherwise available. Defendant does not object.

Under Rule 30, a party must obtain leave of the court to take a deposition "if the deponent is confined in prison," and the court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(B). Rule 26(b)(2) requires a court to limit discovery that is otherwise allowed if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). Rule 26(b)(1) sets out the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

2

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Before the entry of this order, Mr. Hill still appeared as a named defendant in this action and was the decisionmaker for the reportedly adverse employment actions of which Plaintiff complains. Thus, for good cause shown, the Court **GRANTS** the motion for leave to depose Mr. Hill. (Doc. 103). The parties are **ORDERED** to work in good faith with the Bureau of Prisons' restrictions on the time, place, and manner of the deposition.

IT IS SO **ORDERED and DIRECTED** on this 8th day of June 2023.

*R. Cannon*
REGINA D. CANNON
United States Magistrate Judge